UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| STACY WOOD and DARRELL WOOD, Individually and as next friend of J.W., T.W., S.W., A.W., and C.W., minors, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 3:18-CV-380-TRM-DCP ) |
| CINDY VAN OVER, et al. | ) ) |
| Defendants. | ) |

## **REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral Order [Doc. 92] of the District Judge.

Now before the Court are Plaintiffs and Defendant Robert Metcalf's Joint Motion to Approve Minor Settlement [Doc. 86] and the Joint Motion of Plaintiffs and Defendant Hannah Pierce for Approval of Minor Settlement and Dismissal of All Claims Against Defendant Pierce With Prejudice [Doc. 89] ("Joint Motions"). The parties seek approval of the settlement agreement with respect to the claim of minor J.W. against Defendant Metcalf [Doc. 86] and the settlement agreement with respect to the claims of all Plaintiffs, including the minor children J.W., T.W., S.W., A.W., and C.W. ("the Minors"), against Defendant Pierce [Doc. 89]. The parties appeared before the Court on October 31, 2019, for a motion hearing. Attorney Agnes Trujillo was present on behalf of Plaintiffs. Attorney Courtney Read was present on behalf of Defendant Metcalf, Attorney Terry Mitchell Panter was present on behalf of Defendant Pierce, and Attorney Jonathan Taylor was present on behalf Defendant Daniels. Accordingly, for the reasons further explained below, the Court **RECOMMENDS** that the Joint Motions [**Docs. 86, 89**] be **GRANTED**.

As an initial matter, the Court has placed the settlement agreements [SEALED Docs. 107, 108] and the Declaration of Counsel [Doc. 103] under seal.[1] The Court determined that the privacy interest of the Minors in the settlement agreements outweighs the public's interest in these Court records. [Doc. 106]. Accordingly, when discussing the amount of the settlement agreements, the Court will use the terms "Gross Amount" and "Net Amount" without referencing specific numbers.

## I. BACKGROUND

The Complaint [Doc. 1] in this case was filed on September 11, 2018. The Complaint alleges various causes of actions in the nature of deprivation of rights under the Fourth and Fourteenth Amendment of the United States Constitution stemming from several incidents occurring between September 2016 and August 2018, as well as an excessive force claim under 42 U.S.C. § 1983 against Defendant Metcalf occurring on September 12, 2017.

The Complaint states *inter alia* that on September 12, 2017, Defendant Metcalf, a former New Market police officer, was called to the Tennessee Department of Children's Services ("DCS") office in New Market relating to an incident involving J.W. and that he directed J.W. to relinquish his cell phone. When J.W. refused, Defendant Metcalf "physically pushed J.W. to the ground and handcuffed him" causing injury to J.W. requiring medical attention. [*Id.* at 21]. The Complaint further alleges that on August 21, 2018, Defendant Pierce, an employee of Youth Villages acting as an agent of DCS, conducted a "safety sweep" of the Plaintiffs' family home, which entailed "searching through cabinets, kitchen drawers, bedroom storage chests, under mattresses, opening movie and game cases, looking under beds, emptying contents of bags,

---

[1] The Court placed [Doc. 103] under seal because the document contained information relating to the settlement amounts.

backpacks, boxes, baskets" and specifically that J.W. actively objected to a search of his room and belongings. [*Id.* at 24-25].

The Complaint alleges the use of excessive force against J.W. by Defendant Metcalf as well as a deprivation of the family's right to be free from unreasonable searches and seizures by Defendant Pierce in conducting a safety sweep.

At the hearing, counsel for the parties represented that they had evaluated their respective claims and defenses and agreed it was in the best interest of all parties to settle these matters.

## II. POSITIONS OF THE PARTIES

The parties request that the Court approve the settlement agreements with respect to the Minors' claims. The parties state that settling the Minors' claims is in the best interest of the Minors and that settling avoids the time and expense associated with further litigation.

As to the Joint Motion seeking approval of the settlement against Defendant Metcalf concerning the incident on September 12, 2017, and resulting injuries allegedly sustained by J.W., [Doc. 86], the parties have agreed to settle such claim for a Gross Amount detailed in the Settlement Agreement and Release [SEALED Doc. 108] in full satisfaction of any and all claims arising out of the incident. Plaintiffs have agreed to pay their attorney's fees and litigation expenses, resulting in a Net Amount to J.W. The Joint Motion states that Defendant Metcalf has not been put on notice of any lien as to any medical providers or insurance carriers relating to treatment received by J.W., and Plaintiffs have acknowledged their obligation to pay or compromise such claims and to hold harmless and indemnify Defendant Metcalf.

The Affidavits of Stacy and Darrell Wood [SEALED Doc. 108 at 7-10] explain that a portion of the Net Amount will placed in an account solely for the use of J.W., while the remainder will be managed by them for the benefit of J.W., both directly by the purchase of clothing and

3

household items specific for J.W.'s use and indirectly in the form of food, living expenses, common household items, and services. Further, the parties request that the Court waive the requirement under Tennessee Code Annotated § 34-1-107 for the appointment of a fiduciary to represent J.W. given that Stacy and Darrell Wood are his biological and legal parents, and request that the bond requirements pursuant to Tennessee Code Annotated § 34-1-105 be waived because the benefit of saving expense outweighs the risks incident to the absence of such bond. [Doc. 86 at 3].

In support of their Joint Motion, the parties have filed a Settlement Agreement and Release, the Affidavits of Stacy and Darrell Wood, and the Settlement Sheet detailing Plaintiffs' attorney's fees, expenses, and costs. [SEALED Doc. 108].

As to the Joint Motion seeking approval of the settlement against Defendant Pierce concerning the August 21, 2018 safety sweep of the Plaintiffs' family home [Doc. 89], the parties have agreed to settle such claim for a Gross Amount detailed in the Settlement Agreement and Release [SEALED Doc.107] in full satisfaction of any and all claims arising out of the incident. Plaintiffs have agreed to pay their attorney's fees and litigation expenses, resulting in a Net Amount to Plaintiffs. The Joint Motion states that no personal injuries resulted from the incident and that Plaintiffs received no medical treatment for which liens or subrogation interest exist. However, to the extent any liens or subrogation interest do exist, Plaintiffs have acknowledged their obligation to defend, indemnify, and hold harmless Defendant Pierce for such amounts.

The Affidavits of Stacy and Darrell Wood [SEALED Doc. 107 at 10-15] state that they believe the settlement is in the best interest of their children as the incident had little to no impact on the four youngest children and only a minor impact on the oldest child, J.W. They further

explain that the Net Amount will be used for the family's living expenses and other necessities and that the entirety of the proceeds will be used to benefit the minor children directly or indirectly.

In support of their Joint Motion, the parties have filed a Settlement Agreement and Release, the Affidavits of Stacy and Darrell Wood, and the Settlement Sheet detailing Plaintiffs' attorney's fees, expenses, and costs. [SEALED Doc. 107].

**III.    ANALYSIS**

The parties presented their Joint Motions to the Court on October 31, 2019.  In addition, the Court heard testimony from Stacy and Darrell Wood and J.W. during the hearing.  Accordingly, the Court has considered the Joint Motions, along with the representations and testimony at the hearing, and **RECOMMENDS** that the parties' Joint Motions [**Doc.  86, 89**] be **GRANTED**.

"When minors are involved in a settlement, the district court must make an independent determination that the settlement is in the minor's best interest."  *Thrivent Fin. for Lutherans v. Camp*, No. 1:15-CV-146-SKL, 2015 WL 9587725, at *1 (E.D. Tenn. Dec. 30, 2015).  The Court's determination must be in accordance with Tennessee law.  *Id.* (citing *Green v. Nevers*, 111 F.3d 1295, 1301 (6th Cir. 1997) and Tenn. Code Ann. § 31-1-121)).  The Court must also determine whether the attorney's fees are reasonable.  *Id.*

During the hearing, Plaintiff Darrell Wood testified that he and Plaintiff Stacy Wood are the parents of the Minors and that they believe that entering into the settlement agreements is in the best interest of the Minors.  He testified that they intend to place a portion of the Net Amount from the settlement with Defendant Metcalf into J.W.'s existing savings account solely for J.W.'s benefit and that the remainder of the proceeds from the settlement with Defendant Metcalf will be managed by them for the benefit of J.W., both directly by the purchase of items specific for J.W.'s use and indirectly in the form of common household items and expenses for the benefit of the

family unit. He added that a large portion of the settlement proceeds will be put in the bank for emergency needs of the Minors. Plaintiff Stacy Wood testified that she agreed with her husband's explanation of how the proceeds would be managed. J.W. testified that he understood and agreed that a portion of the proceeds from the settlement with Defendant Metcalf would be used to benefit the family unit, and stated that he liked to share with his siblings.

Finally, with respect to the attorney's fee, Plaintiffs' counsel reported that she took this case on a contingency fee with an agreement to advance all costs of litigation, to be reimbursed from Plaintiffs' portion of any settlement. A settlement distribution sheet was submitted with each Settlement Agreement and Release. [Docs. 107 at 16; 108 at 11]. During the hearing, she explained that certain expenses that were advanced by her firm and related to other claims or the case a whole, specifically service of process expenses for multiple defendants, were deducted from the proceeds of the settlements. Plaintiffs' counsel also filed a Declaration following the hearing further detailing the hours she had spent in the case as a whole as well as a breakdown of hours solely dedicated to the claims against Defendant Metcalf and Defendant Pierce. [Doc. 103].

In the present matter, based on the testimony at the hearing and the filings of the parties, the Court finds that waiving the requirement for appointment of a fiduciary to represent J.W. is appropriate in this case. *See* Tenn. Code Ann. § 34-1-107(a)(2)(A) (explaining that the court may waive the appointment of a guardian ad litem if the petitioner is a parent). As summarized above, the Woods testified that they are J.W.'s parents and that the Net Amount will be used for the J.W.'s benefit, both directly and indirectly. Accordingly, the Court finds the Woods' testimony credible and that waiving the appointment of a guardian ad litem is appropriate in this case. Further, the Court finds that the requirement of a bond under Tennessee Code Annotated § 34-1-105 is unnecessary absent the appointment of a fiduciary to represent J.W.

Further, the Court finds that the settlement agreement with respect to J.W.'s claim against Defendant Metcalf is fair and reasonable and is in J.W.'s best interest and that the settlement agreement with respect to claims of all the Minors against Defendant Pierce is fair and reasonable and in their best interest. As mentioned above, the Woods testified that they intend to use the settlement proceeds for the benefit of the Minors and that a certain portion of the proceeds from the settlement with Defendant Metcalf will be placed in an account solely for J.W.'s use and benefit. Accordingly, the Court finds that the settlement agreements are in the best interest of the Minors.

The Court has also considered the requests for attorney's fees and expenses in this case. As mentioned above, the Woods agreed to a contingency fee, and Plaintiffs' counsel has specified that the fee is in the amount of 40% of the total recovery. Attorney Trujillo explains in her declaration that based on her normal hourly rate for general civil litigation, she has taken a significant reduction for the work performed in this case. The Court observes that Attorney Trujillo estimates that she spent 22.3 hours in activities solely related to the claim against Defendant Metcalf and 6.8 hours for activities solely related to Defendant Pierce, which based on her normal hourly rate would greatly exceed the total attorney's fee she is to receive as a result of these two settlements. In addition, Attorney Trujillo notes that the calculations as to hours she spent on these specific claims do not take into account activities relating to the case as a whole, such as time spent preparing the Complaint or scheduling matters. She states that the case as a whole has accrued 111.59 attorney hours. Accordingly, the Court finds that the hours spent with respect to these two claims appropriately reflect the nature and complexity of the various legal issues presented, including the request for damages. Thus, the Court finds that the total amount of attorney's fees as detailed in the Settlement Sheets [Doc. 107 at 16; Doc. 108 at 11] is reasonable.

Finally, the Court has also reviewed the expenses [*id.*] in this matter. While the expenses seem high at first glance, Plaintiff's counsel explained that in addition to the filing fee, certain expenses advanced up through and including the time of settlement relating to other claims or the case as a whole will be deducted from the settlement proceeds, as detailed in the Settlement Sheets. [*Id.*]. Specifically, such expenses include those associated with the service of process of several defendants, which alleviates any potential deduction by Plaintiffs from any future proceeds or continuance of this particular debt with the firm. Given this explanation in addition to the representations at the hearing that Plaintiffs understood the deductions for expenses, the Court finds such expenses reasonable. Accordingly, the finds that the attorney's fees and expenses are reasonable in this case.

## IV. CONCLUSION

Accordingly, the Court **RECOMMENDS**[2] that the Joint Motions for approval of minors' settlements [**Docs. 86, 89**] be **GRANTED**.

Respectfully submitted,

Debra C. Poplin
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).